**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVELL DARNELL POGUE,<br><br>        Petitioner,<br><br>   v.<br><br>A. HEDGPETH,<br><br>        Respondent. | Case No. 1:11-cv-00192-LJO-SKO-HC<br><br>ORDER DIRECTING PETITIONER TO FILE A NOTICE OF CHANGE OF ADDRESS WITHIN TWENTY (20) DAYS OR FACE DISMISSAL OF THE PETITION<br><br>**FILING DEADLINE: TWENTY (20) DAYS**<br><br>DIRECTIONS TO THE CLERK REGARDING SERVICE OF THIS ORDER |

Petitioner is a prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the first amended petition (FAP), which was filed on July 15, 2013.

    I.   <u>Order to Petitioner to File a Notice of Change of Address</u>

When the original petition was filed, Petitioner was an inmate of the Salinas Valley State Prison, and he named Warden A. Hedgpeth as the Respondent. (Doc. 1 at 1, 25.)

///

1

An answer to the originally filed petition was filed on behalf of Respondent Hedgpeth, who ultimately requested that the answer serve as the answer to the FAP. By order dated July 16, 2013, the Court authorized the FAP, directed that the previously filed answer be considered the answer to the FAP, and granted Petitioner thirty (30) days in which to file a traverse. The order was served on Petitioner at the Salinas Valley State Prison address listed in the docket, and the order was not returned. Although the time for filing a traverse has passed, Petitioner did not file a traverse. The case is thus ready for decision.

The Court notes that Petitioner's motion for leave to file the FAP, which was ultimately granted, reflects Petitioner's address as the Pleasant Valley State Prison, and Petitioner names P.D. Brazelton, Warden, as the Respondent.

Petitioner has not filed a notice of change of address as required by the Local Rules of United States District Court, Eastern District of California (Local Rules). The Court notes that the service of its previous orders on Petitioner remains valid pursuant to Local Rule 182(f), which states in pertinent part:

> (f) Change of Address. Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.

Local Rule 183(a) of the United States District Court, Eastern District of California, states in pertinent part, "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil... Procedure, these Rules, and all other

2

applicable law."  It further expressly imposes upon persons appearing in propria persona all the obligations on imposed on counsel by the Local Rules, and it warns, "Failure to comply therewith may be grounds for dismissal, judgment by default, or any other sanction appropriate under these Rules."  Local Rule 183(a).

With respect to a pro se party's obligation to file a notice of change of address, Local Rule 183(b) states the following:

> (b) Address Changes.  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such a plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Further, Local Rule 110 provides:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

local rule); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address).

It appears from the FAP that Petitioner's address has changed. Accordingly, it is ORDERED that Petitioner file a notice of change of address in this proceeding no later than twenty (20) days after the date of service of this order.

Petitioner is INFORMED that if he fails to comply with this order and with the Local Rules, dismissal of the first amended petition in this action will result.

II.   Directions to the Clerk regarding Service of this Order

To economize with respect to the resources of the parties and of the Court, the Clerk is DIRECTED to serve this order on Petitioner at both the Salinas Valley State Prison address listed as Petitioner's address in the docket, and on Petitioner at the Pleasant Valley State Prison Address that appears on Petitioner's first amended petition at Post Office Box 8500, Coalinga, California 93210 (doc. 30, 1).

IT IS SO ORDERED.

Dated:   **February 3, 2014**             **/s/ Sheila K. Oberto**
                                   UNITED STATES MAGISTRATE JUDGE

4